————o————

## No. 5623.

## DR. J. A. GORMAN vs. DR. C. EDMUND KELLS.

### Syllabus.

An interpretation of a contract will not be adopted which would involve not only the violation of all grammatical rules, but also the destruction of that mutuality or equality which is presumed to exist in all agreements.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 95,737, Hon. T. C. W. Ellis, Judge.

Howe, Fenner, Spencer, Cocke & Phelps, for plaintiff and appellant.

Hall, Monroe & Lemann, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion of the Court as follows:

Desiring to secure the services of a practitioner who would assume charge of the orthodontic department of his practice, defendant formed a special partnership for a term of years with plaintiff on the terms that are dis-

closed in the following extracts from two letters that he addressed to plaintiff:

> "The proposition I will make you is a guarantee of $2000 the first year and you are to receive 50% of all sums collected on your work. Should it exceed $4000 the first year, you will receive the additional percentage, whatever it is.
>
> "The deal is closed on the lines of the two letters I wrote you, except that I am to guarantee you $4000 for the first two years instead of $2000 for the first year as originally proposed."

The partnership began on October 1st, 1907, and was dissolved by mutual consent on October 30th, 1909, that is, about a month after the guarantee period had expired. In said period Gorman was paid the $4000 agreed upon, though the orthodontic department had earned fees aggregating but $6,066.00, of which only $5,140.00 was collected by Kells during the guarantee period, the balance, namely, $926.00, having been collected by him subsequent to October 1st, 1909.

By this suit Dr. Gorman seeks to recover, in addition to the $4000 he has already been paid, one-half of this $926.00 collected after October 1st, 1909, notwithstanding that it represents fees earned for work done prior to that date, his contention being that the partnership was based upon an equal division of the collections made each year, and that the guarantee period having terminated upon October 1st 1909, he was entitled to 50% of all collections thereafter made, notwithstanding that they were realized exclusively from fees earned prior to that date.

The Court is of the opinion that the contention is not well-founded. The singular "it," used in the second sentence of the first paragraph quoted, cannot, as plaintiff claims, refer grammatically to the plural phrase "all sums collected on your work" in the sentence preceding,

but must refer to the singular word "work;" and giving the word "it" this effect, it is clear that the contract contemplated that the parties were to share equally in the earnings of the partnership irrespective of when these earnings were collected, the plaintiff being guaranteed $4000 for the first two years, and the defendant assuming the risk that the earnings of these two years would suffice to reimburse him the amount paid under the guarantee.

Nor do we think that defendant's subsequent letter to plaintiff wherein, in referring to the partnership agreement then existing, he states that after the first two years, "you will receive in full, your share of your collections," is opposed to this construction. The word "share" is used in a broad and comprehensive sense and the phrase means that plaintiff was to receive such portion of the collections as he would be entitled to under the contract. If "share" was intended to mean "one-half," the latter word would naturally have been employed to express that intention and meaning.

To adopt plaintiff's construction of the contract would moreover involve the destruction of that mutuality or equality which is presumed to exist in all agreements; for then the defendant Kells, who had exclusive charge of all collections, could have so manipulated the time of making these collections, as to deprive plaintiff of his just share of the earnings of the partnership.

The judgment of the lower Court is based upon the view which we presently adopt and its judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, November 25, 1912.